**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )          2:03-CR-0578-RCJ-RJJ
                                   )          2:06-CV-0650-RCJ-RJJ
v.                                 )
                                   )
ELISEO VILLA,                      )                **O R D E R**
                                   )
                    Petitioner / Defendant. )
_____)

Before the Court for consideration is Eliseo Villa's Motion/Petition under 28 U.S.C. §
2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil
Document #1, Criminal Document #118).  The Court has considered the motions and
pleadings on file on behalf of all parties.  IT IS HEREBY ORDERED that Eliseo Villa's
Motion is *denied*.

**BACKGROUND**

On December 23, 2003, a federal grand jury indicted Eliseo Villa ("Villa" or
"Petitioner"), charging him with two counts: (1) conspiracy to distribute a controlled
substance in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(iii); and (2) possession with
intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1),
(b)(1)(B)(ii).

On December 20, 2004, Villa, accompanied by counsel, entered into a plea agreement
wherein he agreed to plead guilty to count one in the indictment, and the United States agreed
to dismiss count two and to recommend that Petitioner be sentenced to the low end of the

guideline range.  Pursuant to the plea agreement, Villa waived his right to appeal the Court's sentence, the manner in which the sentence was determined on the grounds set forth in 18 U.S.C. § 3742, and any other aspect of the conviction or sentence, including any order of restitution.  (#67, 4:1-8.)  However, the plea provided that Villa reserved the right to appeal any portion of the sentence that was an upward departure from the applicable sentencing guideline range under the United States Sentencing Guidelines ("U.S.S.G.").

The United States Probation Department ("Probation") set Villa's offense level at 29.[1] On May 23, 2005, the Court sentenced Villa to 120 months imprisonment, followed by a five-year term of supervised release.  Villa did not directly appeal either his conviction or sentence.

On May 25, 2006, Villa filed the instant § 2255 motion (Civil Document #1, Criminal Document #118).  He argues he was denied effective assistance of counsel during plea agreement negotiations, sentencing, and post sentencing.  Specifically, Villa alleges his attorney provided ineffective assistance by failing to do the following: (1) raise critical issues regarding downward departures in sentencing during pre-plea time frames; (2) present critical information regarding reduced sentencing information as requested by Petitioner even though he was in possession of that information; (3) advise Petitioner of the provisions and statutes regarding the "Safety Valve"; (4) make himself available for Petitioner to contact during the

---

[1]In the Presentence Report ("PSR"), pursuant to U.S.S.G. § 2D1.1(c)(3), Probation calculated Villa's base offense level at 32 and subsequently applied a three-point reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility.  Probation also set Villa's criminal history category at I in accordance with U.S.S.G. Chapter 5, Part A.  The U.S.S.G. established a sentence between seventy and eighty-seven months imprisonment after an additional two-level decrease based on a group plea as agreed by the parties.  However, the guideline provisions were modified to one-hundred-twenty months based on the statutory mandatory minimum of ten years under 21 U.S.C. § 841(b)(1)(A)(iii).

pre-trial/pre-plea time; and (5) file notice of direct appeal within 10 days of sentencing as instructed by Defendant.

On October 4, 2006, the Government filed its Response (Criminal Document #126) to Defendant's motion. The Government argues that Villa validly waived his right to appeal his sentence and conviction in the plea deal and never instructed counsel to file a direct appeal. The Government also argues that Villa cannot prevail on his ineffective assistance claim because counsel's performance does not meet the test set forth in *Strickland v. Washington.* 466 U.S. 668, 687-88 (1984).

## DISCUSSION

**I. Standard of Review**

To obtain relief under 28 U.S.C. § 2255, a petitioner must clear a "significantly higher hurdle" than would be required on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982). This higher hurdle requires that petitioners "demonstrate either 'cause' and actual 'prejudice' or that [they are] 'actually innocent'" in order to mount a collateral attack. *United States v. Ratigan*, 351 F.3d 957, 964 (9th Cir. 2003) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

To prove "cause," petitioners must show that an external obstacle prevented them from raising their claims either at trial or on direct appeal. *See McCleskey v. Zant*, 499 U.S. 467, 497-98 (1991). A finding of "actual prejudice" requires petitioners to show they suffered an actual and substantial disadvantage. *Frady*, 456 U.S. at 170. When applying the "cause" and "actual prejudice" standards, § 2255 motions "must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete

miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." *United States v. Grewal*, 825 F.2d 220, 222 (9th Cir. 1987). A petitioner may establish "cause" and "actual prejudice" by demonstrating that counsel provided ineffective assistance. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991). However, a petitioner must assert with specificity the actions or omissions by counsel which resulted in ineffective assistance in order to satisfy the "cause" requirement; a general allegation of ineffective assistance will not suffice. *United States v. Causey*, 835 F.2d 1289, 1291 (9th Cir. 1987). In addition, if a petitioner can prove ineffective assistance, then the "[i]neffective assistance of counsel . . . is cause for procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

## II.  Ineffective Assistance of Counsel

To prevail on a claim for ineffective assistance, Petitioner must prove (1) that counsel's performance was deficient, and that (2) the deficient performance prejudiced Petitioner's case. *Strickland v. Washington*, 366 U.S. 668, 687 (1984). Generally, to prove deficient performance, a petitioner must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment" and that the attorney's performance "fell below an objective standard of reasonableness." *Id.* at 687-88. The court must evaluate counsel's performance based on the circumstances as they were at the time of the alleged errors, and not with the benefit of hindsight. *Id*. at 689-90. The court presumes that counsel's conduct "falls within the wide range of reasonable professional assistance," and the defendant bears the burden to overcome this presumption.[2] *Id*. at 689.

---

[2]Because Petitioner filed his motion *pro se*, the Court liberally construes the motion and holds it to a less stringent standard than the Court would otherwise view formal pleadings submitted by an attorney. *See Haynes v. Kerner*, 404 U.S. 519, 520-21 (1972).

To prove prejudice, Petitioner must show that his counsel made such serious errors so as to deprive him of a fair trial. *Id.* Stated differently, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id*. The Court analyzes Petitioner's allegations under the following categories: (A) Pre-Plea and Plea Agreement Time Frames, (B) Sentencing Time Frame, and (C) Post-Sentencing or Direct Appeal Time Frame, as discussed below.

**A. Pre-Plea & Plea Agreement Time Frame**s

Petitioner alleges that counsel failed to do the following: (1) raise critical issues regarding downward departures in sentencing during pre-plea time frames, (2) advise Petitioner about the provisions and statutes regarding the "Safety Valve," and (3) make himself available to Petitioner during the pre-trial/pre-plea time. Regarding the first allegation, Petitioner has not identified the critical issues counsel allegedly missed regarding downward departures in sentencing. While Petitioner alleges that counsel did not raise critical issues, he fails to inform the Court what these issues are. Because Petitioner does not identify any specific acts or omissions by counsel as required by *Causey*, the Court cannot determine whether counsel's actions meet the objective standard of reasonableness as stated in *Strickland*. Thus, Petitioner cannot demonstrate that counsel acted deficiently and that counsel's representation fell outside the wide range of reasonable professional assistance.

Petitioner also fails to show how counsel's alleged failure to raise critical issues regarding downward departures prejudiced him.  Petitioner seems to expect the Court to assume that counsel's actions prejudiced him without any specific facts to support his allegations.  However, Petitioner must convince the Court that there is a reasonable probability that, but for counsel's unprofessional mistakes, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  Petitioner has simply failed to carry this burden as required by *Strickland*.  Absent identification of which critical issues counsel missed, the Court cannot possibly determine whether counsel's omissions prejudiced Petitioner.

Next, Petitioner alleges that counsel failed to fully explain the "Safety Valve" provisions, thus depriving Petitioner from taking advantage of that opportunity.  However, Defendant's counsel (James Beirne and Mr. Luthi) fully explained the safety valve provision to Villa on numerous occasions.  (#126-2, ¶¶ 7-9.)  These discussions took place prior to Petitioner's opportunity to avail himself of the safety valve benefits.  In addition, even if counsel failed to explain the safety valve provisions to Petitioner, the government explained to Petitioner the relevant benefits and determined that Petitioner was ineligible to take advantage of the safety valve because he gave incomplete and false information to the government when given the opportunity to qualify for the safety valve.  (#126-2, ¶ 10.)  Therefore, Petitioner fails to show that counsel failed to advise Petitioner about the provisions and statutes regarding the safety valve.

Petitioner's failure to demonstrate counsel neglected to advise him about the safety valve benefits prevents a showing of any prejudice to Petitioner.  Petitioner chose to provide

false and incomplete information to the government with knowledge that he would not qualify for the safety valve sentencing reduction. Thus, Petitioner could expect any sentence within the U.S.S.G. Petitioner's counsel negotiated a plea bargain that recommended the statutory minimum sentence of 120 months even though Petitioner was arrested in possession of one kilogram of cocaine and intercepted on numerous wiretap conversations. Petitioner received the lowest possible sentence under the U.S.S.G. because he was not eligible for the safety valve. Accordingly, Petitioner has failed to demonstrate how counsel's allegedly deficient acts or omissions actually prejudiced him because he cannot demonstrate that his case would have resulted in a different outcome. *Strickland*, 466 U.S. at 694. Therefore, Petitioner's second allegation that counsel provided ineffective assistance fails.

Finally, Petitioner alleges that counsel failed to make himself available to Petitioner during the pre-trial/pre-plea time frames. Petitioner focuses on the fact that counsel used an "investigator" in addition to his own services. However, the record shows that Petitioner's counsel (James Beirne) only used the investigator (Wes Clare) to coordinate meetings between Mr. Beirne, Mr. Luthi, and Petitioner. (#126-2, ¶ 14.) Further, counsel met with Petitioner and spoke with him over the phone to discuss Petitioner's case and trial strategy. Other than his mere allegations, Petitioner fails to demonstrate to this Court how counsel acted in an ineffective manner by not making himself available. Thus, Petitioner has failed to establish unreasonable professional conduct or prejudice based on his third allegation. Therefore, Petitioner has not carried the burden set forth in *Strickland* to show ineffective assistance of counsel during the pre-plea and plea agreement time frames.

**B. Sentencing Time Frame**

Petitioner also alleges that counsel failed to present critical information regarding reduced sentencing as requested by Petitioner even though counsel was in possession of such information.  However, Petitioner fails to identify what information counsel allegedly withheld or how the alleged withholding of that information prejudiced him.  The Court cannot determine whether counsel's actions fell below an objective standard of reasonable professional conduct or weigh the possibility of prejudice without a more specific allegation or a greater number of facts.  *Strickland*, 466 U.S. at 694.  Defendant's counsel obtained the statutory minimum sentence for Petitioner through the plea agreement.  The only possibility for a downward departure during sentencing would have come through the safety valve.  As discussed above, counsel explained the safety valve to Petitioner on several occasions, but the Government determined that Petitioner failed to qualify for the safety valve.  Accordingly, Petitioner has failed to establish either deficient performance or prejudice and has not demonstrated that counsel provided ineffective assistance during the sentencing time frame.

### C.  Post-Sentencing or Direct Appeal Time Frame

Finally, Petitioner alleges that counsel refused to file a direct appeal to his sentence within the ten-day time limit even though Petitioner requested such appeal.  If true, this omission by counsel would fall outside the wide range of reasonable professional assistance required to establish deficient performance.  However, in an Affidavit submitted by the Government, Defendant's counsel specifically declares that Petitioner never requested or instructed him to file notice of direct appeal.  (#126-2 ¶ 12.)

Even if the Court were to find that counsel acted deficiently by failing to file a notice of appeal, counsel's actions did not prejudice Petitioner.  Petitioner's plea agreement with the

government contained a waiver of his right to appeal the sentence.  (#67, 4:1-7.)  Petitioner

retained only his right to appeal portions of the sentence which represented an upward

departure from the sentencing guidelines.  (*Id.* at 8.)  Because Petitioner received the statutory

minimum sentence, he could not appeal his sentence.  Defendants may waive their right to

appeal if "(1) the language of the waiver encompasses his right to appeal on the grounds

raised, and (2) the waiver is knowingly and voluntarily made."  *United States v. Jeronimo*,

394 F.3d 1149, 1153 (9th Cir. 2005).  In this case, Petitioner's waiver encompasses his right

to appeal on the grounds raised as indicated in the plea agreement.  In addition, Petitioner

signed his plea agreement and explicitly stated that he fully understood the plea agreement

and its ramifications.  Furthermore, Petitioner stated to the Court that he entered into the plea

agreement knowingly and voluntarily.  Petitioner does not allege any flaw in his plea

agreement.  Accordingly, Petitioner could not have appealed his sentence; therefore, even if

he had informed counsel to do so, if counsel would have filed an appeal, it would have had

no impact on Petitioner's case.  Therefore, Petitioner has not carried the burden under

*Strickland* to prove ineffective assistance of counsel during the post-sentencing time frame.

## CONCLUSION

Petitioner cannot establish "a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different."  *Strickland v.

Washington*, 366 U.S. 668, 694 (1984).  Accordingly, Petitioner cannot demonstrate

ineffective assistance of counsel.  Because Petitioner's constitutional claim fails, he has not

satisfied the "higher hurdle" under § 2225, which requires Petitioner to show "cause"and

"actual prejudice" from the alleged errors.  *United States v. Frady*, 456 U.S. 152, 166-68

(1982).  Accordingly, it IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct (Civil Document #1, Criminal Document #118) is *denied*.

DATED this 19th day of December, 2006.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE